Battle, J.
 

 We are clearly of opinion, that the lessor of the plaintiff ought to have entered her dissent to her husband’s will, by guardian., and not in person. As she was an infant, nnder twenty-one years of age, the 1st section of the 118th chapter of the Revised Code, expressly so required, and the construction which had been put upon the Rev. Statute, chap. 121, see. 1, in the analogous cases of
 
 Hinton
 
 v. Hinton,
 
 6
 
 Ire. Rep. 274, and
 
 Lewis
 
 v.
 
 Lewis,
 
 7 Ire. Rep. 72, forbids ns from adopting any other, than the literal meaning of the
 
 *378
 
 terms used. If the objection, then, had been made in the proceeding, instituted by the widow, to obtain an assignment of her dower, it would, upon the authority of those cases, have been fatal to her suit.
 

 But we are, nevertheless, of opinion that the lessor of the plaintiff is entitled to recover in the present action, for the reason, that the judgment in her favor, in her suit for dower, though it is erroneous, cannot be collaterally impeached by the defendant in the present suit. The j udgment of the County Court of Chowan in favor of the widow, upon her petition for dower, was upon a judicial proceeding of a Court of competent jurisdiction, and is conclusive, unless upon some other proceeding directly to avoid it. See
 
 Skinner
 
 v. Moore, 2 Dev. and Bat. Rep. 138, and the cases referred to in the note to the second edition, and also
 
 Craige
 
 v. Neely, 6 Jones’ Rep. 170.
 

 Per Curiam,
 

 Judgment affirmed.